SUCCESSION OF COLLADO ET AL., RESPONDENTS, *v.* PÉREZ ET AL., APPELLANTS.

### APPEAL from the District Court of Mayagüez.

No. 969.—Decided June 27, 1913.

EJECTMENT—HEIRS—RIGHT OF ACTION.—The heirs who compose the succession of a person have a *prima facie* right of action in the name of the succession to recover the property which belonged to their ancestor and which was not alienated lawfully.

ID.—VERBAL SALE OF PROPERTY—DOCUMENTARY EVIDENCE—ORAL TESTIMONY.—After a careful review of the evidence introduced by the defendant in support of her allegation that she had bought the property from the ancestor of the plaintiff succession it was held to be insufficient. In cases of this kind it is usual that there exists some foundation of documentary evidence and in the absence of this, oral testimony to establish the fact of the sale must be strong and conclusive.

ID.—OWNERSHIP OF BUILDING ON LAND OF ANOTHER PERSON.—It having been shown that one of the defendants built a house in good faith on land which he believed to be his own but which afterwards. proved to belong to another person, the ownership of said house should be governed by the provisions of section 370 of the Revised Civil Code.

The facts are stated in the opinion.

*Mr. José Ramón Freyre* for respondents.

*Mr. Benito Forés* for appellants.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action of ejectment. It is alleged in the complaint that Pedro Collado Ramírez was the owner of a certain rural property and that "by a judgment of the District Court of Mayagüez of January 9, 1912, the claimants were declared to be the intestate heirs of Pedro Collado Ramírez, the owner of the property described in the foregoing allegation;" that the plaintiffs are the owners of the said property, which is recorded in the registry in the name of their ancestor and assessed for taxation at $600, and that the defendants are in

unlawful possession of the property and have refused to deliver the same to the plaintiffs.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action and was ambiguous. The court overruled the demurrer and thereupon the defendants filed an answer admitting that Collado had been the owner of the property and that the plaintiffs had been adjudged to be the intestate heirs of Collado by the district court, but denying that the plaintiffs were the owners of the property in question and that the defendants were in unlawful possession thereof, and alleging as new matter that the defendant, Domitila Pérez, had purchased the property from Collado in the early part of the year 1904; that Collado did not execute a deed to the property but ratified the sale in the presence of witnesses; that said defendant reconstructed the house on the property, cultivated the lands, paid the taxes, sold a *cuerda* of land to the other defendant, and, on learning that the plaintiffs had been declared the heirs of Collado, brought a suit against them for the execution of the deed, which suit was decided by the municipal court in her favor and appealed to the district court.

The case came on for trial on December 17, 1912, and on January 11, 1913, the district court delivered its opinion in which, after a careful consideration of the allegations and the evidence, it was held that it had not been shown satisfactorily that Pedro Collado Ramírez had sold the property in litigation to the defendant, Domitila Pérez, and that therefore she did not possess the same as owner with the right to sell the part she had sold to the other defendant, Francisco Olivo. The court decided that the property belonged to the plaintiffs. Judgment was entered on the same day, January 11, 1913, and the defendants took the present appeal therefrom.

After studying all the questions involved in this appeal it is evident that the only doubtful one is whether or not the property in question was sold by Pedro Collado to Domitila Pérez. If the sale was made, the plaintiffs have no cause of

action against the defendants. If it was not made, then the complaint should be sustained inasmuch as it has been alleged and admitted that the property belonged to Pedro Collado Ramírez, in whose name it is still recorded in the Registry of Property of San Germán, and that the plaintiffs, who were declared by the court to be the heirs of Pedro Collado, compose the succession in whose name and for whose benefit this action is brought.

Let us consider the evidence relating to the said sale. The defendants offered in evidence the deed to the property in favor of Collado duly recorded in the registry of property. This establishes nothing in favor of the defendants.

Defendants afterwards introduced a receipt signed by the druggist Fleytas showing that the defendant, Domitila Pérez, had paid $25 for medicines furnished Pedro Collado. This establishes a fact which may be considered together with the other evidence.

Then the defendants exhibited a receipt for taxes which they had paid on the property. This establishes another fact which may be considered, but which alone does not tend to prove that the property belonged to the person who paid the taxes.

Then the defendants offered in evidence a certificate of the registrar of property showing that the property was still recorded in the name of Collado. This establishes nothing in favor of the defendants.

Next the defendants offered in evidence a certificate showing that an action had been brought by these defendants against the plaintiffs herein to compel the execution of a deed of sale, which action was decided by the municipal court in favor of the present defendants and appealed by the plaintiffs to the district court where the same is still pending decision. The court refused to admit the said document in evidence and as no final judgment had been rendered in said suit definitely deciding the rights of the parties, we are of the opinion that the trial court committed no fundamental error in so ruling.

Thereupon witnesses J. A. Fleytas and J. Ramírez Ortiz testified, the former with regard to the said account for drugs and the second with regard to a certain debt of Collado's which had been paid by Domitila Pérez. The testimony of these witnesses relates to facts which in themselves alone are unimportant, but which may be considered in conjunction with the other evidence.

A letter was then introduced the signature to which was acknowledged by the witness Ramírez. Said letter was addressed to Domitila Pérez and requested the settlement of an account attached thereto showing a balance of $41.39 against Collado. Our remarks in the preceding paragraph are repeated regarding the effect of this evidence.

Thereupon witnesses Juan Cancio Ortiz and José Noriega and the two defendants testified. Cancio Ortiz stated repeatedly in his testimony that he was in Collado's house during the latter's sickness, with the object of buying the property in question, and that Collado told him that he had sold it to Domitila Pérez. Noriega also testified that he knew that Domitila Pérez had purchased the property from Collado because Collado had so informed him. The defendant, Domitila Pérez, testified that she had purchased the property from Collado for $320, of which amount she paid him $200 in cash and the balance in drugs and accounts which Collado owed; that she had obtained the money by the sale of some cattle and had been assisted by a well-to-do sister; that Collado sold the property because of his many debts; that it was Collado's intention to execute a deed of sale but that he died before he could do so; that she had always lived on the property as its owner, paying the taxes, cultivating the land, reconstructing the house, etc., and that she sold one *cuerda* of the land to Francisco Olivo. Olivo then testified that he purchased one *cuerda* of land from Domitila Pérez and paid her the purchase price, and that he had built a house thereon with his own money. As may be seen, the testimony of Cancio and Noriega refers exclusively to statements made to them by a person

who is now dead and is defective besides for the reason that it states that Collado told them that he had sold the property to Domitila Pérez, without indicating anything relative to the terms of the contract, purchase price, payment, etc. Many contradictory statements appear in the testimony of Domitila Pérez and Olivo's testimony throws no light upon the fundamental question at issue.

After the defendants had concluded their evidence the plaintiff introduced new evidence consisting of the testimony of Clorinda Collado, María Clemencia Torres, and José Encarnación Avilés, which, analyzed together, tends to show that Domitila Pérez and her husband and children were taken into the home of Collado, who was unmarried, through charity; that Domitila's husband died in Collado's house and that she continued to live there; that after the death of Collado she remained in the house and refused to vacate the same, giving as a reason for her conduct that she had attended to Collado during his illness; that Domitila Pérez was without means, and that Collado had no debts and lived on his income.

Such is the evidence which the district court considered totally inadequate to prove the existence of the contract of bargain and sale alleged in the answer. The district court not only sustained the complaint but imposed the costs, disbursements and attorney's fees on the defendants.

We have gone over the evidence carefully and must agree that it is insufficient, principally because it lacks the foundation of documentary evidence such as is usual in cases of this kind (see section 1216 of the Revised Civil Code), but it must be admitted also that it leaves a certain doubt in the mind of the court. Perhaps Collado really did intend to sell; perhaps he did sell the property to Domitila Pérez and the latter began to make payments on account but did not pay the whole amount. Collado was single and had no children. His lawful succession is composed of collateral relatives who now claim the inheritance.

In our opinion the facts and the law require a judgment in

this case in favor of the plaintiffs, but the circumstances of the same are such as not to exact the imposition of the costs, disbursements and attorney's fees on the defendants.

Besides, everything tends to show that the defendant Olivo acted in good faith. He purchased the *cuerda* of land from Domitila Pérez and, in the belief that it belonged to him, built his house. Therefore, the right of the defendant Olivo to the house built by him in good faith on the land of another should be governed by the provisions of section 370 of the Revised Civil Code. See the case of *The People of Porto Rico* v. *The Municipality of San Juan, ante* p. 625.

Thus modified, the judgment from which this appeal is taken should be affirmed.

*Affirmed with costs divided between the parties.*

Chief Justice Hernández and Justices Macleary, Wolf and Aldry concurred.